OPINION OF THE COURT
John J. Connell, J.
The petitioner has brought this action to secure an order *189 from this court authorizing and requiring assisted outpatient treatment for the respondent in accordance with “Kendra’s Law” (Mental Hygiene Law § 9.60). Based on the respondent’s refusal to consent to an examination by a physician, the petitioner has also requested an order of this court directing the Rochester Police Department to take the respondent into custody and transport him to St. Mary’s Hospital for a physician’s examination pursuant to Mental Hygiene Law § 9.60 (h) (3).
The question presented to this court is whether the respondent is entitled to a hearing before the court may order him to be taken into custody for purposes of the examination. The respondent argues that implicit in the statute is a requirement that the court, in reaching its determination that “reasonable cause to believe” exists that the allegations in the petition are true, conduct a hearing.
Mental Hygiene Law § 9.60 (h) (3) states that if the patient “has refused to be examined by a physician, the court may request the subject to consent to an examination by a physician appointed by the court.” In this case, the patient did refuse the court’s request that he submit to the examination. The statute goes on to say that the court may direct police officers to take the subject of the petition into custody for an examination by a physician where the court finds “reasonable cause to believe that the allegations in the petition are true.” There is no procedure outlined in the statute requiring a hearing or setting forth the manner in which a hearing should be held.
This court rejects the respondent’s contention that the statute implies the requirement of such a hearing, although in some cases it may be appropriate to do so. The petitioner’s application was made by way of an order to show cause which sufficiently sets out grounds establishing reasonable cause to believe that the petition is true. The respondent was given ample opportunity to be heard at oral argument with respect to the petition and, indeed, plans to submit written opposition to the petition itself. However, this court feels that the statute authorizes the court to make a finding on the papers submitted when appropriate and empowers the court to authorize the police to take the respondent into custody for purposes of the physician examination.
Accordingly, the petitioner’s request pursuant to Mental Hygiene Law § 9.60 (h) (3) for a court order directing police officers to take the respondent into custody for purposes of *190 conducting the physician’s examination is granted, but stayed for 48 hours from the argument date and time to allow the respondent to make arrangements to voluntarily submit to a physician’s examination.